UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL MERCADO, )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>UZMA SAMADANI, M.D. and DOES 1 )<br>-10, Inclusive, )<br>)<br>Defendants. )<br>) | **COMPLAINT**<br><br><br><br>Jury Trial Demanded |

Plaintiff, complaining of the defendant by his attorneys Cartier, Bernstein, Auerbach & Steinberg, P.C., respectfully allege, upon information and belief, the following:

## JURISDICTION AND VENUE

1. Jurisdiction for this action in the United States District Court arises under 28 U.S.C § 1346(b) and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a), which provides that a tort claim which is administratively denied or not given administrative disposition within 6 months of the filing of the claim may be presented to a Federal District Court for judicial consideration. Venue is based upon 28 U.S.C. 1402(b) in that the acts or omissions complained of occurred within this judicial district. The amount in controversy exceeds $75,000.00.

## GENERAL ALLEGATIONS

2. Prior to the commencement of this action, and within 2 years of its accrual, Plaintiff Daniel Mercado presented Administrative Tort Claims for Damage, Injury or Death (Standard Form 95) to defendant United States of America, Department of Veterans Affairs, Office of General

Counsel, 810 Vermont Avenue NW, Washington, DC 20420. Annexed hereto as **Exhibit A** is a copy of said Administrative Tort Claim form. This claim was acknowledged.

3. Plaintiff's claim was administratively denied pursuant to reconsideration by the Veterans Affairs on August 30, 2017. This action has been timely commenced within 6 months of the date of final denial of Plaintiff's claim by the Department of Veterans Affairs.

4. Plaintiff DANIEL MERCADO is a citizen and resident of the State of New York, County of Suffolk, within this Judicial District.

5. Upon information and belief, defendant United States of America, at all times mentioned herein, owned, operated, maintained, staffed and controlled the medical facility known as the VA Medical Center in Northport, New York (hereinafter VA Medical Center) within this judicial district, and New York Harbor Healthcare System (hereinafter NYHHS), 423 East 23rd Street, New York, New York.

6. Upon information and belief, that at all times herein mentioned, defendant United States of America used and employed physicians, nurses, attendants, assistants, consultants, staff members and other medical care providers who were employed, authorized, contracted, retained and/or permitted by defendant United States of America to provide medical, orthopedic and neurological care and treatment and to perform all necessary and proper functions pertaining to any medical, orthopedic, neurological and/or surgical procedures to all persons cared for and treated at the aforesaid VA Medical Center and NYHHS.

7. Upon information and belief, at all times mentioned herein, the physicians, nurses, attendants, assistants, consultants, staff members and other medical care providers who worked at the VA Medical Center and NYHHS were the agents and/or employees of the defendant United

States of America and in doing the things hereinafter mentioned were acting within the scope of their authority as such agents and employees and with the consent of defendant.

8. That at all times herein mentioned, defendant United States of America, its agents, servants, staff members, employees and/or independent contractors, for a consideration, offered to render competent and adequate medical and surgical services, care and attention to patients and held itself out to be able to furnish adequate, competent and proper medical, orthopedic, neurological, and surgical care, treatment and facilities and personnel to patients at the aforesaid VA Medical Center and NYHHS.

9. At all times herein mentioned, the physicians, nurses, attendants and other medical care providers of defendant United States of America were the agents and/or employees of said defendants and in doing the things hereafter alleged were acting within the scope of their authority as such agents and employees and with the consent of the defendant United States of America.

## AS AND FOR A FIRST CAUSE OF ACTION FOR MEDICAL MALPRACTICE

10. That commencing in or about the year 2014 up through and including the present time, the plaintiff Daniel Mercado, an honorably discharged U.S. Air Force Specialist, was a patient of and under the care and treatment of the defendant UNITED STATES OF AMERICA at the aforesaid VA Medical Center and NYHHS for treatment of, among other things, complaints relating to spinal injuries.

11. That on or before November 20, 2014 plaintiff, DANIEL MERCADO, came under the medical care and treatment of the defendant VA MEDICAL CENTER and NYHHS, their agents, servants and/or associates, during a continuous course of treatment commencing on or about 1979.

12. That on November 20, 2014 and thereafter, plaintiff, DANIEL MERCADO, came under the medical care and treatment of the defendant NYHHS, their agents, servants and/or associates, for spinal surgery.

13. That on March 3, 2015 and thereafter, plaintiff, DANIEL MERCADO, came under the medical care and treatment of the defendant NYHHS, their agents, servants and/or associates, for spinal surgery.

14. That during the aforementioned time period of November 20, 2014 through March 19, 2015 and thereafter, the plaintiff, DANIEL MERCADO, received medical treatment and diagnosis from defendant NYHHS, by and through its agents, servants, doctors, nurses and/or associates.

15. That commencing in or about the year 2014 up through and including the present time, the plaintiff Daniel Mercado, an honorably discharged U.S. Air Force Specialist, was a patient of and under the care and treatment of the defendant UZMA SAMADANI, M.D. at the aforesaid VA Medical Center and NYHHS for treatment of, among other things, complaints relating to spinal injuries.

16. That on or before November 20, 2014 plaintiff, DANIEL MERCADO, came under the medical care and treatment of the defendant UZMA SAMADANI, M.D., her agents, servants and/or associates, during a continuous course of treatment.

17. That on November 20, 2014 and thereafter, plaintiff, DANIEL MERCADO, came under the medical care and treatment of the defendant UZMA SAMADANI, M.D., her agents, servants and/or associates, for spinal surgery.

18. That during the aforementioned time period of November 20, 2014 through March 19, 2015 and thereafter, the plaintiff, DANIEL MERCADO, received medical treatment and

diagnosis from defendant UZMA SAMADANI, M.D. by and through her agents, servants, doctors, nurses and/or associates.

19. That at all times hereinafter mentioned, defendant, UZMA SAMADANI, M.D., was a physician duly licensed to practice medicine in the State of New York.

20. That at all times hereinafter mentioned, defendant, UZMA SAMADANI, M.D., held herself out as being a skilled and competent physician.

21. That at all times hereinafter mentioned, defendant, UZMA SAMADANI, M.D., was an employee of the VA MEDICAL CENTER and NYHHS.

22. Upon information and belief, at all times hereinafter mentioned, defendants, " DOES 1-10" were and still are residents of the State of New York.

23. That at all times hereinafter mentioned, defendants, "DOES 1-10" are being sued herein under a fictitious name as a result of said defendants' proper identities and full names being unknown as this time.

24. That at all times hereinafter mentioned, defendants, "DOES 1-10" are intended to represent those individual healthcare professionals who rendered care to the plaintiff, DANIEL MERCADO at the VA Medical Center and NYHHS.

25. That at all times hereinafter mentioned, defendants, "DOES 1-10" are intended to represent those individual healthcare professionals who rendered treatment to plaintiff, DANIEL MERCADO at the VA Medical Center and NYHHS.

26. That on November 20, 2014 through March 19, 2015, the medical care and treatment rendered and afforded to plaintiff, DANIEL MERCADO, was careless and negligent and not in accordance with good and accepted medical practice then and there existing.

27. That the aforesaid defendants, individually, jointly and severally and through the agents, servants, employees and/or associates, negligently and unskillfully conducted the course of treatment for plaintiff, DANIEL MERCADO.

28. Plaintiff, DANIEL MERCADO, was improperly treated by the defendants.

29. That at all times herein mentioned, the defendants, individually and/or by their agents, servants and/or employees, and jointly and severally, were negligent and careless in the services rendered for and on behalf of the plaintiff in that they departed from good and accepted standards of medical practice, in that they neglected to use reasonable care in the services rendered to plaintiff in failing to heed said plaintiff's complaints; in failing to promptly and properly diagnose the plaintiff's condition; in that they lacked the experience and expertise necessary to treat plaintiff's condition; in attempting to treat plaintiff's condition without having the requisite degree of knowledge, education and experience necessary to do so; in failing to monitor the plaintiff's condition; in failing to properly diagnose and treat the plaintiff's symptoms; in negligently treating plaintiff's condition; in failing to properly and in a timely manner perform remedial and consultative procedures; in negligently mis-aligning the screws in the lumbar spine and failing and omitting to promptly rectify the misalignment; in failing to timely notify and/or remediate the plaintiff of the misalignment and defective application of said screws into the plaintiff's spinal canal, in causing the necessity of additional surgeries; in causing the plaintiff to be exposed to dangerous bacteria and infections including, but not limited to, MMSR and/or other life threatening infectious diseases; in negligently causing emotional damage and other damage to the plaintiff; in subjecting the plaintiff to undue harm and further injury; in depriving the plaintiff of proper and efficient treatment.

30. That as a result of the foregoing medical malpractice, plaintiff sustained severe, serious, painful and permanent personal injuries, and was rendered sick, sore, lame and disabled.

Said plaintiff suffered from great physical and emotional harm and discomfort and was forced to undergo additional medical procedures and surgeries. Plaintiff was confined to the hospital and medical facilities; was incapacitated from attending to plaintiff's usual and customary affairs and duties; plaintiff seeks monetary damages in compensation for the pain, suffering, injuries, and expenses incurred as a result of the foregoing.

31. That as a result of the foregoing, plaintiff has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction in this action.

## AS AND FOR A SECOND CAUSE OF ACTION FOR LACK OF INFORMED CONSENT

32. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in the First Cause of Action as if set forth in full herein.

33. That at no time was the plaintiff ever advised, either orally or in writing, of the possible risks and dangers nor the possibility of permanent damage to her body with regard to the care being rendered to him, nor was he ever advised that he may suffer severe or personal injuries and damages, and had the defendants or any of their agents, servants, employees and/or associates informed or advised the plaintiff of the possible risks involved, the plaintiff would not have been lulled into a false sense of security and would never have consented to the treatment rendered to him, all of which resulted in damage to the plaintiff herein.

34. That by reason of the above premises, the medical care and treatment rendered and afforded to the plaintiff was without first obtaining an informed consent and, as such, the plaintiff has been damaged in the amount and manner aforesaid in a substantial sum of money to be determined by a court and jury, in excess of the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action.

35. That by reason of the above premises, the plaintiff, DANIEL MERCADO, has sustained serious personal injury and pecuniary loss all to her damage in a substantial sum of money to be determined by a court and jury.

36. That by reason of the foregoing, plaintiff DANIEL MERCADO has suffered serious and permanent personal injuries and complications, loss of a chance that his injuries could have been avoided with timely and proper treatment; that he has been, and will continue to be compelled to suffer extreme pain and suffering for the remainder of his life; that he has been and will continue into the future to be incapacitated from attending to his usual and customary activities of daily living and recreational activities; that he requires and will continue to require for the remainder of his life medical care, intervention and treatment for these permanent injuries and complications; has incurred and will incur in the future special damages for the costs of medical care and he has been compelled to suffer physical pain, mental anguish and emotional distress as a result thereof, as well as a loss of enjoyment of life.

37. That by reason of the foregoing, plaintiff Daniel Mercado has been damaged in a sum not to exceed $10,000,000.00.

### A JURY TRIAL IS HEREBY DEMANDED

THEREFORE, plaintiff demands judgment against the defendants on the First and Second Causes of action, in sums not to exceed $10,000,000.00, together with the interest, costs and disbursements of this action.

DATED: **2/16**, 2018

Respectfully submitted,

*Kenneth A. Auerbach*

Kenneth A. Auerbach (KA7504)
Cartier, Bernstein, Auerbach & Steinberg, P.C.
Attorneys for Plaintiff
100 Austin Street
Patchogue, NY 11772
631-654-4900

## **CLIENT VERIFICATION**

STATE OF NEW YORK)
                    ) ss.:
COUNTY OF SUFFOLK)

DANIEL MERCADO, being duly sworn, deposes and says:

I am the plaintiff in the action herein; I have read the annexed Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

_____
DANIEL MERCADO

Sworn to before me this
15th day of February, 2018

_____
Notary Public

LINDA MARIE BOSWELL
Notary Public, State of New York
No. 02BO6177867
Qualified in Suffolk County
Commission Expires Nov. 19, 2019

File No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DANIEL MERCADO,

                            Plaintiff,

    -against-

UNITED STATES OF AMERICA, UZMA SAMADANI, M.D. and DOES 1-10, inclusive,

                            Defendants.

---

## CERTIFICATE OF MERIT
## SUMMONS AND VERIFIED COMPLAINT

---

LAW OFFICE OF
CARTIER, BERNSTEIN, AUERBACH & STEINBERG, P.C.
Attorneys for Plaintiff(s)
100 AUSTIN STREET, BLDG. 2
PATCHOGUE, NY  11772
(631) 654-4900

---

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.*

*Dated:* __2/16/18__

Signature __Kenneth A. Auerbach__

Print Signer's Name: Kenneth A. Auerbach, Esq.